## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RICHARD A. RODRIGUEZ, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. SA-16-CV-410-XR |
| | § | |
| JPMORGAN CHASE BANK, N.A., | § | |
| | § | |
| *Defendant*. | § | |

## ORDER

Before this Court are Defendant JPMorgan Chase Bank, N.A.'s Motion to Dismiss (docket no. 3) and Motion to Strike (docket no. 11).  After careful consideration, the Court will grant both motions.

## BACKGROUND

Plaintiff Richard A. Rodriguez filed his Original Petition with an application for a Temporary Restraining Order in the 225th Judicial District Court in Bexar County, Texas, on April 5, 2016.  Docket no. 1-1 at 7.  Rodriguez sought to block a Substitute Trustee's Sale of his property that was scheduled for that same day.  *Id.*  The Temporary Restraining Order was not granted.  *See* docket no. 3 at 10.

Rodriguez purchased the property located at 15426 Fallow Ridge Dr., San Antonio, (the "Property"), in December 1995.  Docket no. 1-1 at 8.   The Property is described as "Lot 50 Block 2, New City Block 14292, Deerwood Unit 4 in the City of San Antonio, Bexar County, Texas" and is recorded in Volume 9529, page 224, of the deed and plat records of Bexar County.

1

*Id.*  Rodriguez financed the Property through a loan evidenced by a note payable to First Texas Mortgage, which was secured by a deed of trust.  Docket no. 3-2 at 20, 25.  First Texas Mortgage assigned the deed of trust to Old Kent Mortgage Company, who then assigned it to First National Bank of Chicago.  Docket no. 3-3 at 5.  Defendant JP Morgan Chase, N.A. ("JPMorgan") is the successor by merger to Bank One, who is the successor by merger to First National Bank of Chicago.  *Id.*.  Rodriguez has not made a payment on the loan since early 2000.  Docket no. 3-4 at 4.

On September 5, 2000, Rodriguez first filed suit seeking to enjoin foreclosure of the Property.  Docket no. 3-5 at 2.  JPMorgan subsequently filed a counterclaim seeking judicial foreclosure.  Docket no. 3-7 at 2.  Eventually—after nearly fourteen years had passed— following a two-day trial in state court, a jury entered a verdict in favor of JPMorgan and the court ordered the Property be foreclosed.  Docket no. 3-13 at 2.  Rodriguez appealed and the Court of Appeals for the Fourth District of Texas affirmed the judgment.  Docket no. 3-15 at 2.  He then appealed to the Texas Supreme Court.  Docket no. 3-19 at 2.  The petition for review was denied.  *Id.*

The court-ordered foreclosure sale was held April 5, 2016.  Docket no. 3-16 at 2.  JPMorgan purchased the Property.  *Id.*  In a last ditch effort to circumvent the judgment in his previous lawsuit, Rodriguez filed this suit that same day.  Docket no. 1-1 at 7.  He filed his First Amended Petition on April 15, 2016.  Docket no. 1-1 at 54.  It is the live pleading in this case and alleges wrongful foreclosure by JPMorgan.  Docket no. 1-1 at 54–62.  It also requests declaratory and injunctive relief.  *Id.* at 62.

JPMorgan removed the case to this Court on May 3, 2016, asserting this Court's diversity

jurisdiction pursuant to 28 U.S.C. § 1332[1].  Docket no. 1 at 2.  It filed its Motion to Dismiss

pursuant to Rule 12(b)(6) on May 19, 2016.  Docket no. 3.  Rodriguez filed his Response on July

1, 2016.  Docket no. 7.  He also filed an untimely Second Amended Complaint on July 6, 2016.

Docket no. 8.  JPMorgan filed its Motion to Strike on July 11, 2016.  Docket no. 11.  Rodriguez

filed a second, untimely Response to the Motion to Dismiss without requesting leave to do so on

August 1, 2016.  Docket no. 12.

## DISCUSSION

### I.    Standard of Review and Documents that May be Considered

If a complaint fails to state a claim upon which relief can be granted, a court is entitled to

dismiss the complaint as a matter of law.  Fed. R. Civ. P. 12(b)(6).  "To survive a motion to

dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell

Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim for relief must contain (1) "a short

and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement

of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief

sought."  Fed. R. Civ. P. 8(a).

In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the

complaint should be taken as true, and the facts are to be construed favorably to the plaintiff.

*Bosarge v. Mississippi Bureau of Narcotics*, 796 F.3d 435, 439 (5th Cir. 2015).  To survive a

12(b)(6) motion, a complaint must contain "more than labels and conclusions, and a formulaic

---

[1] *See* docket no. 1 (asserting that JPMorgan is a national banking association whose citizenship is determined by the location of its main office, which is in Ohio, and that Rodriguez is a citizen of Texas; and attaching evidence showing a property value of $345,210; *see also Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338 (5th Cir. 2013) (explaining that for those cases in which a plaintiff seeks to enjoin a foreclosure sale, the value of the property represents the amount in controversy)).

recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. A well-pleaded complaint can survive a motion to dismiss even if actual proof of the facts alleged is "improbable." *Id.* at 556.

The Supreme Court has held that in deciding a motion to dismiss, a court may consider documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The court may also consider any documents attached to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010); *see also Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010) (quoting *Scanlan v. Tex. A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003) (holding that while the court generally must not go outside the pleadings, "the court may consider documents attached to a motion to dismiss that 'are referred to in the plaintiff's complaint and are central to the plaintiff's claim.'").

## II.    Judicial Notice

JPMorgan requests the Court take judicial notice of the pleadings, verdict, and judgment in Rodriguez's previous lawsuit against it. Docket no. 3 at 6. A court may take judicial notice of prior court proceedings in deciding a motion to dismiss. *See., e.g.*, *Meyers v. Textron, Inc.*, 540 F. App'x 408, 410 (5th Cir. 2013). Further, Federal Rule of Evidence 201 permits the Court "to take judicial notice of an adjudicative fact if the fact is not subject to reasonable dispute in that it is (1) generally known within the territorial jurisdiction of the trial court, or (2) capable of accurate and ready determination by resort to resources whose accuracy cannot be questioned."

*Ferguson v. Extraco Mortgage Co.*, 264 F. App'x 351, 352 (5th Cir. 2007) (citing *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 829 (5th Cir. 1998) (internal quotation marks omitted). The Court may take judicial notice of matters of public record. *See Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011); *Burbank–Glendale–Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998). Additionally, the Court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). The Court takes judicial notice of the previous proceedings between the parties. The case is a matter of public record and its accuracy cannot be questioned.

### III.    Res Judicata

JPMorgan asserts that Rodriguez's claims are barred by both res judicata and collateral estoppel. Docket no. 3 at 11. The Court agrees. The doctrine of res judicata bars the relitigation of claims already decided by a court with proper jurisdiction in a prior proceeding. *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). "According to the doctrine of collateral estoppel, or issue preclusion, 'when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.'" *RecoverEdge L.P. v. Pentecost*, 44 F.3d 1284, 1290 (5th Cir. 1995) (quoting *Ashe v. Swenson*, 397 U.S. 436, 443 (1970)). Both are present here.

Under Texas law, a claim is barred by res judicata if there is: "(1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims that were raised or could have been raised in the first action." *Citizens Ins. Co. of Am. v. Daccach*, 217 S.W.3d 430, 449 (Tex. 2007) (citing *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996)). A final judgment in a

previous case "'extinguishes the right to bring suit on the transaction, or series of connected transactions, out of which the action arose.'"  *Id.* (citing *Barr v. Resolution Trust Corp. ex rel. Sunbelt Fed. Sav.*, 887 S.W.2d 627, 631 (Tex. 1992)).  First, the 285th Judicial District Court of Bexar County, Texas, issued a final judgment in the case styled *JPMorgan Chase Bank, N.A., successor in interest to First National Bank of Chicago, as Trustee v. Rodriguez*, Cause No. 2000-CI-12923, on March 14, 2014.  Docket no. 3-13 at 2–3.  It was affirmed on appeal.  Docket nos. 3-15 at 2, 3-19 at 2.  Second, Rodriguez sued JPMorgan Chase Bank, N.A., as successor in interest to First National Bank of Chicago, as Trustee in the previous suit.  Docket no. 3-13 at 2. In this suit, he has again sued JPMorgan Chase Bank, N.A., as Trustee.  Docket no. 1-1 at 7. Rodriguez claims that these parties are not identical, because in this prior suit he only sued JPMorgan in its capacity as servicer, and here he desires to sue it as trustee only.  Docket no. 7 at 2.  But in both instances, Rodriguez sued JPMorgan.  Finally, in this case, Rodriguez asserts claims that were raised and could have been raised in his prior lawsuit—each of his claims in both suits arose out of his default on his home loan and the subsequent foreclosure process. Docket nos. 3-5, 1-1 at 54.  As a result, Rodriguez's claims are barred by res judicata.

His claims are also barred by the doctrine of collateral estoppel.  In Texas, collateral estoppel applies if: (1) the facts sought to be litigated in the second action were fully and fairly litigated in the first action, (2) those facts were essential to the judgment in the first action, and (3) the parties were cast as adversaries in the first action."  *Neely v. Comm'n for Lawyer Discipline*, 976 S.W.2d 824, 827 (Tex. App.—Houston [1st Dist.] 1998, no writ).  "Strict mutuality of parties is no longer required. It is only necessary that the party against whom the doctrine is asserted was a party or in privity with a party in the first action."  *Id.*  Here, Rodriguez

6

bases his claims on allegations that JPMorgan is not in possession of the original note and that JPMorgan was not authorized to foreclose on the property. These factual allegations were the cornerstone of Rodriguez's arguments in the first action and were resolved in JPMorgan's favor. *See* docket nos. 3-2, 1-1 at 7–12, 3-13.  Because his claims are barred by both res judicata and collateral estoppel, Rodriguez's claims should be dismissed.

## IV.    Rodriguez's Allegations

But even if Rodriguez's claims were not barred, he has failed to state a claim on which relief can be granted.  Rodriguez alleges wrongful foreclosure as a cause of action and requests declaratory and injunctive relief.  Docket no. 1-1 at 54.  In Texas, "[t]he elements of a wrongful foreclosure claim are: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price."  *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008, no pet.).  In other words, "[a] claim for 'wrongful foreclosure' is not available based merely on showing a defect in the foreclosure process; it is also necessary that there be an inadequate selling price resulting from the defect."  *Biggers v. BAC Home Loans Servicing, LP*, 767 F.Supp.2d 725, 729 (N.D. Tex. 2011) (Fitzwater, J.).  Rodriguez has not alleged that the Property was sold for a grossly inadequate price—the Petition states no facts as to the price of the sale at all.  Moreover, he does not allege that there is a causal connection between the defects alleged and any inadequate selling price.  As a result, he has failed to state a claim for wrongful foreclosure.

Rodriguez attempts to argue that JPMorgan had no authority to foreclose and that it must "prove [it is] the Holder of the ink-signed Original Note."  Docket no. 1-1 at 61.  To begin,

JPMorgan did have authority to foreclose—the final judgment in the previous lawsuit named JPMorgan as judgment creditor and authorized foreclosure.  Docket no. 3-13 at 3.  But second, Rodriguez's argument that JPMorgan must produce the original note has been repeatedly rejected by federal courts evaluating Texas law, including this Court.  *See, e.g.*, *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 253–54 (5th Cir. 2013); *Preston v. Seterus, Inc.*, 931 F. Supp. 2d 743, 757–58 (N.D. Tex. 2013); *Seeberger Bank of Am., N.A. Ventures Trust 2013 I.H.R. v. Seeberger*, Civ. Ac. No. EP-14-CV-366-KC, 2015 WL 9200878, at *20 (W.D. Tex. Dec. 16, 2015); *Millet v. JP Morgan Chase, N.A.*, Civ. Ac. No. SA-11-CV-1031-XR, 2012 WL 1029497, at *2–4 (W.D. Tex. Mar. 26, 2012).  The Fifth Circuit has held that "[t]he original, signed note need not be produced in order to foreclose."  *Martins*, 722 F.3d 249 at 253–54 (5th Cir. 2013).  Moreover, it has reaffirmed this unequivocal rejection of the "show-me-the-note" theory each time it has resurfaced. *See Shaver v. Barrett Daffin Frappier Turner & Engel, L.L.P.*, 593 F. App'x 265, 274 (5th Cir. 2014) ("A party does not need the original note bearing the wet-ink signature to foreclose."); *Casterline v. OneWest Bank, F.S.B.*, 537 F. App'x 314, 316 (5th Cir. 2013) (again holding that the "show-me-the-note" theory has no merit under Texas law).  Simply put, there is simply no requirement in Texas that a foreclosing party produce the original, ink-signed note.  But even if there were, JPMorgan actually did produce the original note at trial during the previous lawsuit.  Docket no. 3-3 at 3 (reflecting the following trial testimony: "Do you know where the original of that note is currently located?" "Right now, it's on the desk in the courtroom.").

As to Rodriguez's requests for declaratory and injunctive relief, declaratory and injunctive relief are procedural devices only; they fail unless tied to a viable cause of action.  *See*

*Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240 (1937) (noting that declaratory relief is a procedural device for granting a remedy and does not create any substantive rights or causes of action); *Barcenas v. Federal Home Loan Mortg. Corp.*, No. H–12–2466, 2013 WL 286250, at *9 (S.D. Tex. Jan. 24, 2013) (holding that the plaintiffs' claim for injunctive relief failed because the plaintiffs did not adequately plead any of their substantive legal claims); *Pajooh v. Harmon*, 82 F. App'x 898, 899 (5th Cir. 2003) (affirming a district court's denial of injunctive relief when a plaintiff failed to state a claim). "Injunctive relief is an equitable remedy, not an independent cause of action." *E.g.*, *Puente v. CitiMortgage, Inc.*, No. 3:11–CV–2509–N, 2012 WL 4335997, at *7 (N.D. Tex. Aug. 29, 2012). Rodriguez failed to state a viable cause of action, and therefore, he has not provided a short and plain statement showing that he is entitled to the declaratory or injunctive relief he seeks. *See* Fed. R. Civ. P. 8(a)(2); *Iqbal*, 556 U.S. at 678. JPMorgan's Motion to Dismiss is granted.

## V.     Motion to Strike

Rodriguez filed an untimely Second Amended Complaint on July 6, 2016 without requesting leave to amend. Docket no. 11. JPMorgan filed its Motion to Strike on July 11, 2016. The Court will imply a motion for leave to amend.

A district court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). There is a "bias in favor of granting leave to amend." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005). While leave to amend is not automatically granted, a "district court must possess a substantial reason to deny a request for leave to amend." *Id.* (internal quotation marks omitted). "[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the

defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

However, under Rule 15(a), "[d]enial of leave to amend may be warranted for undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of a proposed amendment." *United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 270 (5th Cir. 2010).   A district court acts well "within its discretion when dismissing a motion to amend that is frivolous or futile." *Martin's Herend Imps, Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999).   The Fifth Circuit has held that amendment is futile "if the amended complaint would fail to state a claim upon which relief could be granted. The Court finds that granting Rodriguez leave to amend would be futile, as his claims are barred by res judicata and collateral estoppel.   Moreover, the Court concludes that this Second Amended Complaint was filed in bad faith on the part of Rodriguez.   Rodriguez first filed suit to prevent a foreclosure sale on the Property over fifteen years ago and a court has already entered a judgment entitling JPMorgan to foreclose.   JPMorgan's Motion to Strike is granted.

## CONCLUSION

For all of these reasons, Defendant JPMorgan Chase Bank, N.A.'s Motion to Dismiss (docket no. 3) and Motion to Strike (docket no. 11) are GRANTED.   Plaintiff Richard A. Rodriguez's claims are DISMISSED.   The Clerk is directed to enter final judgment pursuant to Rule 58 and to close this case.   Defendant is awarded costs of court and shall file a Bill of Costs pursuant to the Local Rules.

It is so ORDERED.

SIGNED this 26th day of August, 2016.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE